THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA FRIEDRICK, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| ACOSTA SALES, LLC, AND | § | COLLECTIVE ACTION |
| ACOSTA, INC., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1. Defendants Acosta Sales, LLC and Acosta, Inc. (collectively "the Company") provide in-store sales and marketing services to companies throughout the United States, including Texas. The Company is engaged in commerce or the production of goods for commerce. The Company did not pay Plaintiff for all hours she worked while she was employed by the Company, nor does the Company pay one-and-one-half times the regular rate of pay for employees working over forty hours in one workweek.

2. Based on the foregoing, Plaintiff Rebecca Friedrick ("Plaintiff") brings this suit to recover unpaid minimum wages, liquidated damages, and attorneys' fees owed to her under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2009) (the "FLSA"). Plaintiff also brings this as a collective action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to her as an individual and to other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2009) (the

"FLSA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2009) and 28 U.S.C. Sections 1331 and 1367 (2009).

4. Plaintiff brings this complaint in the district in which a substantial part of the conduct charged herein occurred. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2009).

## THE PARTIES

5. Plaintiff was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this complaint. Plaintiff worked as a sales representative for workweeks far in excess of forty (40) hours per week, and she was not paid for all hours worked. In addition, Plaintiff was not paid at one-and-one-half times her regular rate of pay for all hours worked in excess of forty (40) hours each workweek. In performing her duties, Plaintiff engaged in commerce or in the production of goods for commerce. Plaintiff's consent is attached.

6. The "Members of the Class" are all current and former sales representatives who are or were employed by the Company as sales representatives during the three (3) year period preceding the filing of this complaint. Like the Plaintiff, these persons engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated

persons are referred to as "Members of the Class" or "the Class" and were not paid time and one half for any hours worked over forty per work week.

7.  Acosta Sales, LLP is a Delaware limited liability company doing business in Texas with its principal place of business in Jacksonville, Florida. Acosta Sales, LLP is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Members of the Class. Acosta Sales, LLP may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

8.  Acosta, Inc. is listed by Acosta Sales, LLC as the sole-enterprise member of, and the governing organization for Acosta Sales, LLC. Acosta, Inc. is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Members of the Class. Although the Company engages in business in the State of Texas, it has neither designated nor maintained a resident agent for service of process in the State of Texas. As such, and pursuant to Rule 4(d)(2)(A) and Rule 4((h)(1) of the Federal Rules of Civil Procedure and Section 17.044 of the Texas Civil Practice and Remedies Code, the Company can be served with process by serving the Secretary of the State of Texas as its statutory/constructive agent for service of

process. The Company may then be served by the Secretary of State, State of Texas, by certified mail, return receipt requested, addressed as follows:

> Robert Hill, President and CEO
> Acosta Sales and Marketing Company
> 6600 Corporate Center Parkway
> Jacksonville, FL 3221

## BACKGROUND

9. The Company operates as an in-store sales, marketing and service agency working with major food and grocery retailers in North America.

10. At all times, Friedrick was improperly classified as an exempt employee. Although Friedrick regularly worked in excess of forty (40) hours per week, she was not paid for all hours worked.

11. Additionally, Friedrick was not paid at one-and-one-half times her regular rate of pay for hours worked in excess of forty (40) hours each work week.

12. As a result, Friedrick was not compensated for all hours worked, nor did she receive overtime pay for all hours worked over forty (40) in each work week.

## CAUSES OF ACTION

### PLAINTIFF'S INDIVIDUAL ALLEGATIONS

#### Failure To Pay Minimum Wage

13. The Company regularly refused to compensate Friedrick for all hours worked each week, specifically for time worked off the clock. No justification or excuse existed for the Company's

practice of failing to compensate Friedrick for all off the clock work performed each week.

14. As such, the Company failed to pay Friedrick minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. 29 U.S.C. Section 206 (2009).

### Failure to Pay Overtime

15. Although Plaintiff worked more than forty (40) hours per week, she was not compensated for her overtime hours at one and one-half times her regular rate.

16. As a non-exempt employee, Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (2009). Accordingly, The Company's practice of failing to pay Friedrick overtime compensation is a clear violation of the FLSA.

17. No exemption excuses the Company from paying Plaintiff overtime rates for hours worked over forty (40) hours. Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Company's employees.

### COLLECTIVE ACTION ALLEGATIONS

18. Other employees have been victimized by the Company's pay practices and policies which are in willful violation of the FLSA. Many of these employees have worked with the Plaintiff, and were

sales representatives performing the same duties as Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

19. The Members of the Class perform work which is similar in nature to that performed by the Plaintiff. Accordingly, the employees victimized by the Company's unlawful practices are similarly situated to the Plaintiff in terms of their job duties.

20. Further, each member of the class was paid according to the same payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

21. The Company's failure to pay overtime compensation as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, the Plaintiff's experiences are typical of the experiences of the Members of the Class.

22. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former full time sales representatives employed by The Company during the three (3) year period preceding the filing of this complaint who were not paid time and one half of their regular rate of pay for all hours worked over forty per workweek.

CAUSES OF ACTION

A. Violations of the FLSA - overtime

23. Plaintiff and the Members of the Class incorporate all allegations contained in paragraphs 1 through 22.

24. The Company's practice of failing to pay Plaintiff and the Members of the Class at time-and-one-half their appropriate regular rate was and is in violation of the FLSA.

25. Accordingly, Plaintiff and the Members of the Class are entitled to overtime pay in an amount which is one and one-half times their regular rates of pay.

26. Additionally, Plaintiff and the Members of the Class are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

27. Additionally, Plaintiff and the Members of the Class are entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2009).

PRAYER

WHEREFORE, Plaintiff and the Members of the Class request that this Court award Plaintiff and the Members of the Class judgment against Defendant Acosta Sales, LLP, and Acosta, Inc., jointly and severally, for:

    a.    damages for the full amount of Plaintiff's unpaid minimum wages;

    b.    an amount equal to Plaintiff's unpaid minimum wages as liquidated damages;

c.  damages for their unpaid overtime compensation;

d.  an amount equal to their unpaid overtime compensation as liquidated damages;

e.  reasonable attorneys' fees, costs and expenses of this action;

f.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

g.  such other and further relief as may be allowed by law.

Respectfully submitted,

_____
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave., Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:
WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

Law Office of Douglas B. Welmaker
Douglas B. Welmaker
TBA# 00788641
Fed ID# 17038
3334 Richmond Ave., Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com